**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| THOMAS F. SWEENEY, | DOCKET NUMBER |
| Appellant, | DC-0752-15-0060-I-1 |
| v. | |
| DEPARTMENT OF TRANSPORTATION, | DATE: September 23, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas F. Sweeney, Frederick, Maryland, pro se.

Michael Doherty, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the appellant's due process allegations, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant was employed as a Developmental Air Traffic Control Specialist (ATCS) at the agency's Washington Air Route Traffic Control Center (ARTCC). The agency's training review board (TRB) met on December 6-7, 2012, to evaluate the training of several employees, including the appellant. Initial Appeal File (IAF), Tab 18, Exhibit (Ex.) O. Although training deficiencies were identified for the appellant, the TRB decided to continue his training but with specific training recommendations to address his performance issues. *Id*. The appellant's training was subsequently suspended on February 22, 2013, resulting in another TRB meeting on April 11, 2013. *Id*., Ex. P. The TRB determined that the appellant's deficiencies had not been resolved by the additional training and that he could not achieve the necessary certification, and thus, it recommended that his training be discontinued. However, the TRB further recommended that the appellant "be given strong consideration for reassignment to a lower level facility, as per agency directives." *Id*.

¶3      The agency notified the appellant in a memorandum dated April 15, 2013, that his training was being terminated due to unsatisfactory performance in Radar Controller Training, Stage IV. IAF, Tab 16, Ex. D. The memorandum advised the appellant that, in accordance with the Employment Policy for Air Traffic Control Specialist in Training—EMP‑1.14—he could discuss the matter with the Support Manager for Training and, within 7 calendar days from receipt of notification, he could provide written comments regarding the proposed action. *Id*.; IAF, Tab 15, Ex. G. The appellant filed a response, and the agency issued a final determination on May 13, 2013, terminating his training at ARTCC. The appellant submitted a request for reconsideration, which the agency denied, noting that all TRB members had concurred with the decision to suspend his training. IAF, Tab 15, Exs. K, M. The agency subsequently offered the appellant reassignments to Atlantic City, New Jersey; Allenton, Pennsylvania; and Falmouth, Massachusetts. IAF, Tab 2 at 28. The appellant's regional National Air Traffic Controllers Association was able to get a facility at Harrisburg, Pennsylvania, added to the appellant's list of options and he accepted the offer to that location because it was closer to his home. IAF, Tab 16, Ex. B. In a memorandum dated November 29, 2013, the appellant was offered an assignment to the Harrisburg facility effective December 1, 2013. *Id*., Ex. A. The appellant was advised that, if he declined the agency's offer of reassignment, his removal from the ATCS position and from the Federal service would be proposed. *Id*. The appellant accepted the assignment, and he was reassigned to the Harrisburg facility. *Id*.

¶4      The appellant filed a discrimination complaint with the agency, alleging that he was discriminated against based on his sex because his training was not conducted in accordance with Federal Aviation Administration (FAA) orders and procedures and because the agency terminated his training, transferred him to a lower-level facility, and reassigned him to a downgraded position. IAF, Tab 2

at 3. The agency issued a final agency decision in which it determined that no discrimination had resulted. *Id*. at 36.

¶5    The appellant filed this appeal, alleging a reduction in grade and pay and a denial of a within-grade increase (WIGI). IAF, Tab 1. The appellant also alleged multiple deficiencies in the agency's training program and asserted that the agency's actions were the result of discrimination. In addition, he alleged that the agency's decision to discontinue his training was tantamount to a constructive removal. IAF, Tab 7 at 5.

¶6    The administrative judge issued an order to show cause, notifying the parties of the elements and burdens of proof for establishing Board jurisdiction. IAF, Tab 4. Because the appellant's response raised a constructive removal claim, the administrative judge issued a supplemental order to show cause to address this claim. IAF, Tab 13. After providing the parties with the opportunity to respond to the orders and without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 21, Initial Decision (ID) at 1, 11. Specifically, the administrative judge found that the appellant failed to nonfrivolously allege that he had suffered an appealable reduction in grade or pay or that he was denied a WIGI. ID at 6−10. The administrative judge also found that, absent an otherwise appealable action, the Board lacked jurisdiction over the appellant's claim of sex discrimination. ID at 10. The appellant then filed a petition for review of the initial decision. Petition for Review (PFR) File, Tabs 1−2. The agency filed a response to the petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    On review, the appellant argues that the Board has jurisdiction over claims filed by FAA employees, including performance-based actions taken under

chapter 43.[2]  PFR File, Tab 1 at 4‒5, 7.  Specifically, the appellant appears to be arguing that the termination of his training was such a performance-based action. However, contrary to the appellant's assertions, the agency did not take a performance-based action under 5 U.S.C. § 4303 when it terminated his training. Thus, those procedures are not applicable here.

¶8          The appellant also asserts that he provided evidence and argument below showing that his reassignment, from the ATCS-2152-LG position at the ARTCC to the ATCS-2152-GG position in Harrisburg, was a reduction in grade and that the administrative judge erred in finding otherwise.  PFR File, Tab 1 at 8‒10. The appellant argues that, because he was reduced in grade and pay, the administrative judge erred by dismissing this appeal for lack of Board jurisdiction.  *Id*.  However, as the administrative judge correctly found, there is no evidence that the appellant was reduced in grade and pay.  Moreover, the administrative judge correctly found that, even if the appellant was subjected to a reduction in grade and pay, the record reflects that the appellant voluntarily accepted the reassignment in lieu of removal after he failed to complete the agency's training requirements.  IAF, Tab 16.

¶9          To the extent the appellant reiterates his claim that his reassignment was involuntary because agency policy did not provide him any option of remaining in his current duty station after his training was terminated, PFR File, Tab 1 at 8‒11, we disagree.  A choice between unpleasant alternatives does not render a decision to accept the agency's proposal involuntary.  *Soler-Minardo v. Department of Defense*, 92 M.S.P.R. 100, ¶ 9 (2002) (finding that the fact that the appellant was faced with either a demotion or a possible removal did not render his acceptance of the agency's proposal involuntary).  Here, the appellant does not submit any evidence or argument suggesting that his acceptance of the reassignment to the

---

[2] The appellant on review does not challenge the administrative judge's finding that he was not denied a WIGI, and we therefore need not disturb this finding.

ATCS‑2152‑GG position was based on misinformation. *Cf. Wright v. Department of Transportation*, [99 M.S.P.R. 112](), ¶ 10 (2005) (observing that the appellant's assertion that he accepted a position based on agency misinformation regarding the nature of the reassignment and its effect on his base pay constituted a nonfrivolous allegation that the appellant's reduction in pay was involuntary). Thus, as the administrative judge correctly found, the appellant failed to nonfrivolously allege that he suffered an appealable reduction in grade and pay.

¶10    The appellant also asserts that the agency engaged in ex parte communications[3] in connection with the decision to terminate his training, and thus violated his right to due process. The appellant asserts that he raised this claim below and that the administrative judge failed to address it in the initial decision. PFR File, Tab 1.

¶11    Pursuant to [5 U.S.C. § 7701](c)(2), an agency's adverse action "may not be sustained . . . if the employee or applicant for employment shows harmful error in the application of the agency's procedures in arriving at such decision[.]" Reversal of an agency's action is therefore required where an appellant establishes that the agency committed a procedural error that likely had a harmful effect on the outcome of the case before the agency. *Goeke v. Department of Justice*, [122 M.S.P.R. 69](), ¶ 7 (2015). Here, the record reflects that the appellant attempted to file a new Board appeal concerning this same action by submitting a pleading in which he raised due process arguments. IAF, Tab 19. Rather than docketing this pleading as a new appeal, the administrative judge noted that the appellant was alleging that the agency's actions in this case resulted in due process violations, and she entered the pleading into the record in the instant appeal. IAF, Tab 20. However, while the administrative judge submitted the

---

[3]  An ex parte communication is a communication between one party and the decision-maker where the other party is not present and not given the opportunity to present his or her side of the argument. *Stone v. Federal Deposit Insurance Corporation*, [179 F.3d 1368](), 1372‑73 (Fed. Cir. 1999).

pleading into the record, she neglected to address the appellant's due process arguments in the initial decision. Nonetheless, because we now address the appellant's due process arguments, the administrative judge's failure to do so was not prejudicial to the appellant's substantive rights, and it provides no basis for reversal of the initial decision. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶12     The appellant asserted below and on review that the agency's proposal notice informing him that the TRB had recommended termination of his training is a de facto decision notice, rather than a proposal notice, "because it was obvious" from the notice that the decision already had been made to terminate his training. PFR File, Tab 2; IAF, Tab 7 at 15. Specifically, the appellant argues that the agency failed to provide him the opportunity to respond to the proposed adverse action prior to receiving the de facto decision notice and prior to his being placed in a duty assignment with the Plans & Programs Office. PFR File, Tab 1 at 5‑6. Thus, the appellant contends that this resulted in the agency violating both agency procedures and his due process right to a 30‑day advance written notice of the agency's action against him. *Id.*

¶13     It appears that the appellant's argument is based on his belief that the agency's decision to terminate his training constitutes an appealable adverse action. However, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). In this case, the Board does not have jurisdiction over an agency's decision to terminate an employee's training. Nor does it have jurisdiction over the agency's rules and procedures for required training and the process and the implementation of those procedures. Thus, any error by the administrative judge in failing to address this argument is harmless, as it provides no basis for reversal of the initial decision.

¶14     In any event, even if we were to find that the Board has jurisdiction over this appeal, we would find no merit to the appellant's claim that the agency violated his right to due process of law.  Due process is a fundamental principle of law that ensures that legal proceedings will be fair and that citizens will be given notice of the proceedings and an opportunity to be heard before the Government deprives them of life, liberty, or property.  The U.S. Constitution guarantees due process and applies to the property interest of public employment in which the Government has demonstrated that there is cause to remove or suspend an employee.  *See Gilbert v. Homar*, 520 U.S. 924, 935-36 (1997) (suspension); *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541 (1985) (removal).  The appellant seems to argue that, under the U.S. Court of Appeals for the Federal Circuit's decisions in *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011), and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999), his right to due process was violated by ex parte communications between the TRB and the instructors and supervisors who were interviewed by the TRB.  PFR File, Tab 1 at 5-6.  *Ward* and *Stone* stand for the proposition that a deciding official violates an employee's due process rights when he relies upon new and material ex parte information as a basis for his decision on the merits of a proposed charge or the penalty to be imposed.  *See Mathis v. Department of State*, 122 M.S.P.R. 507, ¶ 6 (2015).  In this case, the appellant received a copy of the TRB report, along with the April 15, 2013 memorandum from the Air Traffic Manager notifying him of his training status being terminated due to unsatisfactory performance.  The memorandum advised the appellant that he could submit a reply within 7 days.  IAF, Tab 16, Ex. D.  The appellant supplied a written response on April 23, 2013.  IAF, Tab 15, Ex. H.  In his May 13, 2013 memorandum finalizing the decision to terminate the appellant's training, the Air Traffic Manager specifically mentioned that he considered the appellant's written reply.  *Id*., Ex. I.  In addition, the TRB merely convened to consider and ultimately recommend terminating the

appellant's training. IAF, Tab 18, Subtabs O, P. The TRB did not propose or recommend discipline. Indeed, there was no proposed action or discipline in this case. Rather, the appellant accepted a reassignment in lieu of a removal action. Thus, the appellant was not deprived of any property interest. Therefore, whether the agency committed harmful error or violated the appellant's due process rights by implementing its training requirements and TRB process is of no consequence in this appeal.

¶15    Based on the foregoing, we discern no basis for disturbing the administrative judge's finding that the appellant failed to make a nonfrivolous allegation of an involuntary reduction in grade or pay. *See Henderson v. Department of the Treasury*, 61 M.S.P.R. 61, 65 (1994). Accordingly, the administrative judge properly dismissed the appeal for lack of jurisdiction without holding a hearing. *See id.* The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.